**Robert E. TILLMAN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–437–CR.**

Court of Appeals of Texas,
Fort Worth.

March 28, 1996.

Rehearing Overruled May 9, 1996.

Kerry P. FitzGerald, Dallas (on appeal only), for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Chuck Mallin, Assistant Chiefs of the Appellate Division, John A. Stride and Martin Purselley, Assistants, Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

CAYCE, Chief Justice.

Robert E. Tillman appeals his conviction for aggravated sexual assault of a child. Till-man pled guilty in accordance with a plea bargain agreement, and the trial court placed him on deferred adjudication probation for ten years. Tillman allegedly failed to meet the requirements of his probation, and the State moved to proceed to adjudication of Tillman's guilt. Two hearings were held on the State's motion. In the first hearing, Tillman pleaded true pursuant to a plea bargain to the allegation that he failed to report to his probation officer for a two-month period. The trial court accepted the plea and assessed Tillman fifteen years in the penitentiary.

Thereafter, Tillman filed a motion for new trial alleging that he had been misinformed by his trial counsel about the time he would actually have to serve in the penitentiary. The trial court found that Tillman's plea was involuntary and granted the motion. The court then held a second hearing on the State's motion to proceed to adjudication. At this hearing, Tillman pleaded not true to the allegation that he failed to report and failed to pay fees and true to the failure to complete sex offender treatment allegation.

After hearing the State's evidence, the trial court partially granted Tillman's motion for a directed verdict because the counseling service, not Tillman, terminated the sex offender treatment. After the presentation of defense evidence, however, the trial court found that Tillman had failed to report and pay as required by the terms and conditions of his probation. The trial court then sentenced Tillman to sixteen years in the penitentiary. We affirm the trial court's judgment.

Tillman asserts eight points of error complaining that there is no evidence to support the trial court's adjudication of guilt; that TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1996) violates the Equal Protection and Due Process Clauses of the Texas Constitution by precluding the right to appeal an adjudication of guilt; that he was denied effective assistance of counsel at the hearing on the State's motion to proceed to adjudication; that the trial court exercised judicial vindictiveness in increasing his sentence from fifteen to sixteen years upon rehearing; that the trial court

failed to properly admonish him with respect to the deportation consequences of his guilty plea as required by TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(4) (Vernon 1989); and that the trial court failed to properly admonish him about the consequences of violating his probation pursuant to article 42.12, section 5(b).

■ We will not address Tillman's first four points of error challenging the sufficiency of the evidence to support the trial court's adjudication of guilt, the constitutionality of article 42.12, section 5(b)'s prohibition against appeals from adjudications of guilt, and the effectiveness of Tillman's counsel because we have no jurisdiction to address those claims. The determination to adjudicate guilt may not be appealed. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(b); *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim. App.1992); *Olowosuko v. State,* 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992); *Edwards v. State,* 835 S.W.2d 660, 663 (Tex.App.— Dallas 1992, no pet.).

■ Tillman asserts that the limitation of article 42.12, section 5(b) violates the Texas Constitution. We disagree. As the court of criminal appeals has observed, "[T]here is nothing in the Texas Constitution which guarantees the right to appeal a criminal conviction." *Phynes,* 828 S.W.2d at 2. The right to appeal a criminal conviction exists, if at all, only as provided by the legislature. *Id.*

Several courts of appeals, including this court, have rejected and dismissed constitutional challenges similar to those raised by Tillman. In *Keller v. State,* 854 S.W.2d 224 (Tex.App.—Beaumont 1993, pet. ref'd), the Ninth Court of Appeals dismissed the defendant's claims alleging that article 42.12, section 5(b)'s restriction upon a defendant's right to appeal violated the due process of law and equal protection provisions of the United States and Texas Constitutions. *Id.* at 225. The court of appeals held that the absence of a statutory right to appeal resulted in the court having no jurisdiction to entertain the issues raised. *Id.; see also Rocha v. State,* 903 S.W.2d 789, 791 (Tex. App.—Dallas 1995, no pet.) (dismissing alle-

gation that inability to appeal decision to adjudicate guilt violated guarantee of equal protection); *Richardson v. State,* 847 S.W.2d 433, 433–34 (Tex.App.—Fort Worth 1993, no pet.) (dismissing defendant's claim that article 42.12 was unconstitutional); *Elizondo v. State,* 861 S.W.2d 294, 295–96 (Tex.App.— San Antonio 1993, no pet.) (dismissing defendant's claims that his adjudication hearing and the revocation of his probation were in violation of due process provisions of the United States and Texas Constitutions).

We also note that Tillman is not without remedy to raise claims of alleged violations of his constitutional rights. In *Phynes,* the defendant complained about the absence of counsel during adjudication of his guilt. Opining that direct appeal is not the proper vehicle to redress a violation of the right to counsel, the court implicitly observed that defendants who have been adjudicated guilty are not without remedy. *Phynes,* 828 S.W.2d at 2. In fact, a defendant may properly raise constitutional issues by way of a post-conviction writ of habeas corpus. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon Supp.1996); *Olowosuko,* 826 S.W.2d at 942 n. 2 (Overstreet, J., concurring). Points of error one, two, three, and four are dismissed for want of jurisdiction.

■ We also will not address the complaints raised under points of error seven and eight that the trial court failed to give Tillman the required admonishments under articles 26.13(a)(4) and 42.12, section 5(a) because Tillman failed to meet the requirements of TEX.R.APP.P. 40(b)(1). According to Rule 40(b)(1), Tillman was required to state in his notice of appeal that the trial court granted him permission to appeal, or that the matters he now seeks to appeal were raised by written motion and ruled on before trial, in order for him to prosecute an appeal for either a nonjurisdictional defect occurring before or after the plea or an error that occurred prior to the entry of the plea. *Id.; Rhem v. State,* 873 S.W.2d 383, 384 (Tex. Crim.App.1994); *Martinez v. State,* 906 S.W.2d 651, 653 (Tex.App.—Fort Worth

1995, pet. filed).[1] Compliance with Rule 40(b)(1) is jurisdictional. A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors occurring before or after the entry of a plea in a plea-bargained case. *See* TEX.R.APP.P. 40(b)(1); *Montalbo v. State,* 885 S.W.2d 160, 160–61 (Tex.Crim.App.1994); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App. 1994).

Here, Tillman's complaints under points of error seven and eight raise nonjurisdictional defects. However, Tillman's notice of appeal fails to state that he either secured the trial court's permission to appeal or that the matters he now seeks to appeal were raised by written motion and ruled on before trial. Tillman could have requested permission from the trial court to appeal these issues, but he failed to do so. Since none of the issues raised by Tillman under these two points of error are jurisdictional or errors occurring on appeal, and since Tillman was not granted permission to appeal on the grounds raised under his points of error, we are without jurisdiction to consider them. *See Martinez v. State,* 907 S.W.2d 34, 35–37 (Tex.App.—San Antonio 1995, pet. filed) (court of appeals without jurisdiction to consider failure to give admonishments under TEX.CODE CRIM.PROC.ANN. arts. 26.13(a)(1), (4), 42.12, § 5(a) because defendant did not comply with Rule 40(b)(1)); *Martinez,* 906 S.W.2d at 653–54 (court of appeals has no jurisdiction to consider sufficiency of the evidence, failure to admonish under 26.13, and failure to order presentence report before sentencing when requirements of TEX. R.APP.P. 40(b)(1) are not met). Points of error seven and eight are dismissed for want of jurisdiction.

In his fifth and sixth points of error, Tillman asserts that when the trial court increased his sentence upon rehearing, it exercised judicial vindictiveness in violation of the due process provisions of the United States and Texas Constitutions. We do have jurisdiction to address these points because once a defendant has been adjudicated guilty, he may challenge the sentence assessed. *See Issa v. State,* 826 S.W.2d 159, 160 (Tex.Crim. App.1992); *Edwards v. State,* 835 S.W.2d 660, 663 (Tex.App.—Dallas 1992, no pet.). Therefore, we find that Tillman may challenge the sentence assessed by the trial court in this case.

When a defendant is re-sentenced after a new trial, due process of law requires that vindictiveness play no part in assessing his sentence. *Alabama v. Smith,* 490 U.S. 794, 798, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865, 872 (1989); *Wiltz v. State,* 863 S.W.2d 463, 464 (Tex.Crim.App.1993). If a judge increases a defendant's sentence after a new trial, reasons for the increase must affirmatively appear on the record. *Smith,* 490 U.S. at 798, 109 S.Ct. at 2204, 104 L.Ed.2d at 872. The reasons must be based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* Absent reasons affirmatively appearing on the record, a presumption of vindictiveness arises. *United States v. Goodwin,* 457 U.S. 368, 373, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74, 80 (1982); *Wiltz,* 863 S.W.2d at 464.

A presumption of vindictiveness does not arise, however, where a greater sentence is imposed after trial than was imposed after a *guilty plea. Smith,* 490 U.S. at 795, 109 S.Ct. at 2203, 104 L.Ed.2d at 870; *Wiltz,* 863 S.W.2d at 464. Relevant sentencing information will usually be considerably greater after a trial than after a guilty plea. Accordingly, the sentence after a trial will reflect more accurately the nature and extent of the crimes. *Smith,* 490 U.S. at 801, 109

---

1. I dissented in *Martinez* on the stated belief that because the actual punishment assessed was not the result of a plea bargain and because it exceeded the deferred adjudication probation to which the defendant originally agreed, the limitations of Rule 40(b)(1) pertaining to the appeal of a plea-bargained conviction did not preclude us from reviewing the defendant's challenges relating to the initial plea proceeding. *Martinez,* 906 S.W.2d at 656–57 (Cayce, C.J., dissenting). Nonetheless, because the majority opinion in *Martinez* has become the rule of law in this jurisdiction under the doctrine of stare decisis, I must adhere to it in the instant case.

S.Ct. at 2205–06, 104 L.Ed.2d at 874. Moreover, the factors that might have indicated leniency for consideration of the guilty plea are not present after trial. *Id.* at 801, 109 S.Ct. at 2206, 104 L.Ed.2d at 874. Finally, where there is no reasonable likelihood of vindictiveness, the burden remains on the defendant to prove actual vindictiveness. *Id.* at 799–800, 109 S.Ct. at 2205, 104 L.Ed.2d at 873; *Wiltz,* 863 S.W.2d at 465.

Texas courts have not interpreted the Texas Constitution to provide a defendant asserting judicial vindictiveness any greater protection than that afforded under the United States Constitution. *See Wiltz,* 863 S.W.2d at 466 n. 5. We refuse to depart from those cases here and thus hold that Tillman failed to meet his constitutional burden to show that the trial court acted vindictively when it re-sentenced him.

█ The State's petition to proceed to adjudication presented identical allegations at both hearings. However, Tillman pled true to different allegations at the two hearings. At his first adjudication hearing, Tillman pled true to the State's first allegation—failing to report. The court accepted Tillman's plea of true and sentenced him to fifteen years in the penitentiary, without hearing evidence on his reasons for not reporting or on the State's other allegations. At his second hearing, however, Tillman pled not true to the first and second allegations—failure to report and failure to pay fees, respectively—but true to the third allegation—failure to attend counseling. The first and second allegations were hotly contested in the second hearing, and evidence was admitted at the second hearing showing that Tillman failed to report; the reasons for his failure to report; that he failed to pay the required fees; and the reasons for his failure to pay the required fees.[2] Since the fifteen-year sentence was imposed after Tillman's plea of true to the failing to report allegation, and the sixteen-year sentence was imposed after a hotly contested trial over the failure to report *and* the failure to pay fees, we cannot presume the greater sentence was a result of vindictiveness. *Wiltz,* 863 S.W.2d at 464.

The State aptly analogizes Tillman's conduct at the two hearings to a situation in which a defendant pleads guilty at his first trial, but on retrial, contests the charges. During the retrial in such a case, more evidence about the nature and extent of the violations will likely be revealed, and any increase in the sentence would be justifiable. We find this to be true here.

At the first hearing, the trial court heard no evidence on Tillman's failure to pay because the court accepted his plea of true to the failure to report. Nor did the court hear any evidence concerning the reasons that Tillman failed to report or pay in accordance with the terms and conditions of his probation. All of the evidence at the second hearing tended to reflect more accurately the nature and extent of Tillman's probation violations. Moreover, the factors that may have invoked the court's leniency when Tillman pled true to the failure to report allegation in the first hearing were not present after he pleaded not true to the same allegation in the hotly contested second hearing. Thus, given the additional information obtained at the second hearing, we cannot say that the trial court acted vindictively toward Tillman by increasing his sentence by a mere year. Tillman's fifth and sixth points of error are overruled.

The judgment is affirmed.

█

---

**2.** The uncontroverted evidence at the hearing on Tillman's motion for new trial established that the counseling service, not Tillman, terminated his sex offender treatment. Therefore, the allegation that he failed to attend counseling was a nonissue in the second hearing.