In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00143-CR


______________________________




PERRY RICHARD BREAKIRON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hunt County, Texas


Trial Court No. CR0100758




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Perry Richard Breakiron appeals his conviction for assault causing bodily injury. He was
tried by a jury and sentenced to thirty days' confinement and fined $4,000.00. The sentence and fine
were deemed satisfied by the court on account of pre-conviction incarceration. 

 Breakiron raises the following issues for our review. He contends that the trial court erred
in failing to submit to the jury an instruction on the law of defense of property; the trial court erred
in allowing inadmissible hearsay testimony in evidence; the evidence is legally and factually
insufficient to sustain the conviction; and he received ineffective assistance of counsel. For reasons
that follow, we affirm the judgment.

 We will first consider whether the trial court erred in failing to instruct the jury on the law
of defense of property. An accused is entitled to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of
what the trial court may think about the credibility of the evidence. Granger v. State, 3 S.W.3d 36,
38 (Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). If the
evidence does not raise an issue on the defense, an instruction is not required. See Dyson v. State,
672 S.W.2d 460, 463 (Tex. Crim. App. 1984). 

 Breakiron was not entitled to an instruction on defense of property because there is no
evidence raising that issue. The undisputed evidence shows that Breakiron and the victim, his
girlfriend, got into a heated argument that escalated to the point of violence when Breakiron
assaulted the victim by beating her with his hand and kicking her. The victim suffered significant,
visible injuries to her face and toe. The only evidence in the record indicating the cause of the
argument is the victim's testimony that "It was over drugs. He thought I stole his drugs again. He
was angry with me." There is no testimony or other evidence from the victim or from anyone else
that Breakiron was trying to prevent the taking or interference with his drugs, or that there was any
struggle between Breakiron and the victim over the possession of any drugs or any other property. 
The most that may be inferred from the testimony is that Breakiron was angry with the victim for
some previous event and was assaulting her in retribution for that. Such evidence does not raise an
issue of protection or defense of property.

 Additionally, even if defense of property was raised, the law on defense of property provides
that "[a] person in lawful possession of land or tangible, movable property is justified in using force
against another when and to the degree the actor reasonably believes the force is immediately
necessary to prevent or terminate the other's trespass on the land or unlawful interference with the
property." Tex. Pen. Code Ann. § 9.41(a) (Vernon 1994). The record, although not perfectly
clear, suggests that the drugs referred to by the victim were cocaine or marihuana. These are
obviously controlled substances. See Tex. Health & Safety Code Ann. §§ 481.102 (penalty
group 1 including cocaine); 481.121 (possession of marihuana) (Vernon Supp. 2002) . 

 Breakiron contends that "lawful possession," as used in the statute, does not mean possession
pursuant to actual legal right, but rather possession pursuant to a greater possessory right. Because
he claims a greater possessory right to the drugs than the victim, he maintains he had the right to use
force to prevent her interference with such right. We disagree. Whether someone has lawful
possession of property will depend on the nature of the property, the circumstances under which it
is held, and the law applicable to such property and such circumstances. Given the facts of this case,
"[l]awful possession is defined as the possession of a controlled substance that has been obtained in
accordance with state or federal law." Tex. Health & Safety Code Ann. § 481.002(24) (Vernon
Supp. 2002). Breakiron does not contend, nor is there any evidence, that he obtained his drugs in
accordance with state or federal law. He therefore does not come within the scope of the statutory
law on defense of property and had no right to a jury instruction on the issue. 

 Breakiron next contends that the trial court abused its discretion in overruling his objections
to Deputy Brandon Bobbit's testimony that the victim told him that Breakiron had struck her across
her right cheek. Breakiron objected that such statement was hearsay and not within the excited
utterance exception to the hearsay rule. 

 Hearsay is an out-of-court statement offered as evidence to prove the truth of the matter
asserted. Tex. R. Evid. 801(d). The trial court determines the admissibility of hearsay evidence, and
we review its decision under an abuse of discretion standard. Coffin v. State, 885 S.W.2d 140, 149
(Tex. Crim. App. 1994). Our role is limited to determining whether the record supports the trial
court's ruling. A trial court abuses its discretion when it so deviates from applicable guidelines and
principles that the decision falls outside the zone of reasonable disagreement. See Salazar v. State,
38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

 The excited utterance exception to the hearsay rule permits the admission in evidence of a
statement relating to a startling event or condition made while the declarant was under the stress of
excitement caused by the event or condition. Tex. R. Evid. 803(2). Although the period of time that
lapsed between the occurrence of the startling event and the making of the statement is an important
factor in determining the admissibility of such statements, the critical factor is whether the declarant
was still dominated by the emotions, excitement, fear, or pain of the event. See Fisk v. State, 432
S.W.2d 912, 914-15 (Tex. Crim. App. 1968). The fact that some of the declarant's statements were
in the form of responses to questions does not render them inadmissible under this exception. See
Salazar v. State, 38 S.W.3d at 154. 

 Deputy Bobbit testified that it was approximately twenty-five to thirty-five minutes after the
assault took place when he first came into the victim's presence. He saw that she was crying,
shaking, and "very shooken [sic] up," and she told him that Breakiron had struck her across the face. 
We find that the trial court could reasonably have concluded that the victim's statement to the officer
related to the startling event of being physically assaulted, and that the victim was still under the
physical and emotional stress of the excitement caused by such assault when she made the statement. 
 The statement was properly admitted in evidence.

 Breakiron next challenges the legal and factual sufficiency of the evidence. In reviewing
legal sufficiency, we look at all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). The jury is the exclusive judge
of the credibility of the witnesses and of the weight to be given their testimony. In determining
factual sufficiency, we view all the evidence in a neutral light and set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson
v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000).

 Breakiron challenges the legal and factual sufficiency of the evidence on the basis that the
State failed to prove the location of the assault, Hunt County, as alleged in the charging document. 
The victim testified that the assault occurred at Breakiron's house on Aldridge Street. One of the
investigating officers testified that Aldridge Street is in Hunt County. This evidence is both legally
and factually sufficient for the jury to conclude that the assault occurred within Hunt County as
alleged in the charging document. 

 Finally, Breakiron complains of ineffective assistance of counsel. The two-pronged test for
evaluating claims of ineffective assistance of counsel is set out by the United States Supreme Court
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for
Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First,
the defendant must show that his counsel's representation fell below an objective standard of
reasonableness. Strickland v. Washington, 466 U.S. at 688. To prove this deficiency in
representation, the defendant must demonstrate that his counsel's performance deviated from
prevailing professional norms. Id.; McFarland v. State, 845 S.W.2d 824, 842-43 (Tex. Crim. App.
1992). The defendant must also show prejudice. The appropriate standard for judging prejudice
requires the defendant to show there is a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland v.
Washington, 466 U.S. at 694. The failure to satisfy one prong of the Strickland test negates a court's
need to consider the other. Id. at 697.

 Breakiron raises the following bases for his claim of ineffective assistance of counsel: his
trial attorney failed to object to the court's refusal to allow him to cross-examine a witness on an
issue relevant to bias; his trial attorney failed to object to the State's attempt to bolster a witness; his
trial attorney failed to preserve error for appellate review; and his trial attorney failed to object to
witness testimony being in violation of the confrontation clauses of our federal and state
constitutions. On appeal, Breakiron makes no effort to demonstrate prejudice as required by
Strickland. That failure precludes any relief. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App.
1999). 

 


 The conviction is affirmed.


 William J. Cornelius

 Chief Justice


Date Submitted: April 4, 2002

Date Decided: April 19, 2002


Publish