In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00105-CV


______________________________




JUAN MURO, Appellant



V.



EXXON CORP. 0541, D/B/A EXXON TIGER MART, Appellee




 


On Appeal from the County Court at Law No. 1


Harris County, Texas


Trial Court No. 746,156




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Juan Muro appeals from a summary judgment rendered against him on his claims against
Exxon Corp. 0541, d/b/a Exxon Tiger Mart. The clerk's record was filed on June 7, 2002. The brief
was therefore due to be filed July 8, 2002. No brief has been filed, and counsel has not contacted
this court. On October 9, 2002, we wrote a letter to counsel reminding him that his brief was sixty
days past due and warning him that if his brief and a reasonable explanation for the failure to timely
file the brief was not received by this court on or before October 24, 2002, the case would be subject
to dismissal for want of prosecution pursuant to Tex. R. App. P. 38.8(a)(1).

 As of this date, no brief has been filed, and counsel has not contacted this court. 

 We dismiss the appeal for want of prosecution.



 Ben Z. Grant

 Justice


Date Submitted: October 30, 2002

Date Decided: October 31, 2002


Do Not Publish



.W.3d 703, 705 (Tex.
App.-El Paso 1999, no pet.). The rule depriving us of jurisdiction to consider an appeal from an adjudication proceeding
applies because the defendant is not found guilty until that later proceeding. Connolly v. State, 983 S.W.2d at 741. We
have no jurisdiction to consider Lloyd's issues one through six.

 Lloyd also contends that the trial court abused its discretion at the sentencing phase by admitting evidence about an
unadjudicated offense. Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure provides that "[a]fter an
adjudication of guilt, all proceedings, including assessment of punishment . . . and defendant's appeal continue as if the
adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Thus, although we may not
review a trial court's decision to proceed with an adjudication of guilt on the original charge, we may consider issues related
to the trial court's assessment of punishment. Id.; Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001); Washington v.
State, 71 S.W.3d 498, 499 (Tex. App.-Tyler 2002, no pet. h.). See Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App.
2001); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

 Lloyd contends that the trial court erred at the sentencing phase by admitting evidence that he was involved in a reverse or
sting drug operation. The evidence consisted of a videotape that depicted Lloyd and a State agent (2) apparently engaged in
a narcotics transaction that was never completed. The videotape shows that the State's agent gave Lloyd a package
purporting to be cocaine, which Lloyd threw on a bed after stating that he had no money to purchase it. 

 Lloyd argues briefly that the trial court erred by admitting the evidence when the State had not given him proper notice of
the date the act occurred, as required by Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2003). The purpose
of the notice requirement is to prevent unfair surprise to a defendant. Cole v. State, 987 S.W.2d 893, 897 (Tex. App.-Fort
Worth 1998, no pet.). The statute, however, only requires the State to give notice if the defendant timely requests it. There
is no indication in this record that Lloyd requested such notice. In the absence of a timely request, the trial court did not err
by admitting the evidence.



 The judgment is affirmed. 



 

 William J. Cornelius

 Justice*





*Chief Justice, Retired, Sitting By Assignment





Date Submitted: July 17, 2002

Date Decided: January 24, 2003



Publish

 

1. There is authority suggesting that any remedy for an alleged violation of due process as to the standard of proof involved
in a decision to proceed to adjudication must be through a post-conviction writ of habeas corpus. The prohibition against a
direct appeal is total. Kendall v. State, 929 S.W.2d 509 (Tex. App.-Fort Worth 1996, pet. ref'd). 

2. Lloyd points out that the agent had given the police a false name before working for them as an undercover agent and
that the agent is now at large on a warrant.