In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00117-CR


______________________________




SHERRY GARRETT, a/k/a


SHERRY PORTLEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 26943-B




 




Before Morriss, C.J., Ross and Grant,* JJ.


Opinion by Justice Ross


*Ben Z. Grant, Justice, Retired, Sitting by Assignment



O P I N I O N



 Sherry Garrett, a/k/a Sherry Portley, appeals from her conviction on her plea of
guilty to the offense of tampering with a governmental record. Garrett was initially placed
on deferred adjudication community supervision for ten years, but was later adjudicated
guilty at a proceeding after she was also convicted on a separate charge of theft by a
public servant. The State recommended Garrett's sentences run concurrently, but the trial
court sentenced her to two ten-year terms, ordered to run consecutively.

 Garrett has filed appeals from both cases. This appeal is from the trial court's
adjudication of her guilt. We typically do not have the authority to consider an appeal from
a decision to adjudicate. The defendant may not appeal the trial court's determination to
adjudicate an original offense on violation of community supervision. This denies a court
of appeals any jurisdiction to entertain or consider an appeal from the adjudication hearing
on any grounds. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003); 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992); Tillman v. State, 919 S.W.2d 836, 838 (Tex. App.-Fort
Worth 1996, pet. ref'd). 

 Further, Garrett cannot now appeal from the proceeding at which she was placed
on deferred adjudication community supervision because those claims must be raised by
direct appeal from that proceeding. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999).

 The Texas Court of Criminal Appeals has recently stated in a misdemeanor case
that, in an appeal from a decision to revoke and adjudicate a deferred adjudication, an
appellant may appeal based on a claim that the underlying judgment was void. (1) The court
stated that, because this exception to the general rule applies to appeals in standard
revocation proceedings, it also applies to appeals from the revocation of a deferred
adjudication. The court reasoned the appellate courts have jurisdiction in that situation to
hear the appeal because, if the underlying judgment is in fact void, then the judgment is
accorded no respect because the trial court had no power to render the judgment in
question. Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001); Fluellen v. State, 71 S.W.3d
870, 872 (Tex. App.-Texarkana 2002, pet. ref'd). 

 Garrett contends this conviction is void because, when she pled and received
deferred adjudication, she was not correctly informed about the possible range of
punishment for her crime. She complains that, although she was admonished as to a third
degree felony, with a range of punishment of two to ten years' imprisonment, the
indictment, and her stipulation based on that indictment, contained language of intent that
increased the potential punishment from a third degree to a second degree felony, with a
range of two to twenty years' imprisonment. Tex. Pen. Code Ann. § 37.10(a)(2) (Vernon
Supp. 2003). 

 Her analysis of the statute is incorrect. Section 37.10(a)(2) provides that a person
commits an offense if such person "makes, presents, or uses any record, document, or
thing with knowledge of its falsity and with intent that it be taken as a genuine
governmental record." Section 37.10(c)(1) provides that, with two exceptions, "an offense
under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm
another, in which event the offense is a state jail felony." (2) Tex. Pen. Code Ann.
§ 37.10(c)(1) (Vernon Supp. 2003). By including language of intent to defraud or harm
another in the indictment, she was thereby charged with a state jail felony.

 The indictment then adjusted the level of punishment upward to a third degree
felony offense by alleging that, at the time of the commission of the offense, Garrett was
acting as a public servant. Tex. Pen. Code Ann. § 31.03(f) (Vernon Supp. 2003).

 Accordingly, there is no error. She was admonished about the range of punishment
that actually applied to the offense for which she was convicted. Even if the court had
erred in that respect, her conviction would not be void, especially in light of the fact she
was actually sentenced within the third degree felony range. See Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998) (holding where court makes incorrect
admonishment about range of punishment but actual sentence is both within actual and
misstated maximum, trial court has substantially complied with Code). 

 Garrett attempts to bootstrap her argument in this respect onto her contention that
the erroneous admonishment made her plea of guilty involuntary, and suggesting its
involuntary nature caused the conviction to be void. However, the admonishment was not
erroneous, and even if it were, a claim a plea was involuntary does not, even if meritorious,
make a conviction void. See Nix, 65 S.W.3d at 669 (applying the reasoning of the United
States Supreme Court in Custis v. United States, 511 U.S. 485, 496 (1994)). 

 The judgment is not void, and there are no other grounds raised to support reversal
that would provide this Court with matters within its jurisdiction to consider.

 We dismiss the appeal for want of jurisdiction. 



 Donald R. Ross

 Justice 


Date Submitted: November 27, 2002

Date Decided: January 10, 2003


Do Not Publish


1. The court of appeals had dismissed the appeal for want of jurisdiction, relying on 
Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999).
2. The exceptions are for specific types of governmental records: those being school
records of specified types or a license, certificate, permit, seal, title, letter of patent or
similar patent. If one of those types of documents is involved, the offense is a second
degree felony. The documents involved in this case do not fall within that range.