In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00188-CR


______________________________




ANTHONY KETASSDA LEMICY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No.12,656




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Anthony Ketassda Lemicy pled guilty to charges of state jail felony theft, in violation of
Section 31.03 of the Texas Penal Code. See Tex. Pen. Code Ann. § 31.03 (Vernon 2003). Pursuant
to a written plea agreement, the trial court deferred adjudication and placed Lemicy on community
supervision for two years. On September 30, 2002, the State applied to revoke community
supervision and adjudicate guilt. In its application, the State alleged Lemicy violated several terms
and conditions of community supervision, allegations to which Lemicy pled true. Lemicy was then
sentenced to one year's confinement in the State Jail Division of the Texas Department of Criminal
Justice. 

 Lemicy now attempts to appeal the revocation of his community supervision and his ultimate
conviction of state jail felony theft, asserting ineffective assistance of counsel, excessive or illegal
punishment, and a void or voidable judgment. Because this appeal involves a plea agreement and
because Lemicy appeals the revocation of his community supervision imposed pursuant to that
agreement, we lack jurisdiction over this appeal. 

 Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended. Lemicy's
notice of appeal invoking appellate jurisdiction was filed after the effective date of the amended
rules. The amended rules therefore apply to this appeal. Rule 25.2(a) was amended to read, in
pertinent part: 

 (2) . . . . A defendant in a criminal case has the right of appeal under Code
of Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order. In a plea bargain case-that is, a case in
which a defendant's plea is guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant-a defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled
on before trial, or 

 (B) after getting the trial court's permission to appeal. 

Tex. R. App. P. 25.2(a). The trial court filed a certification of Lemicy's right of appeal in accordance
with Rule 25.2(a)(2). It states Lemicy is a defendant in a plea agreement case and "has NO right of
appeal."

 We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996). Lemicy pled guilty, and when adjudged guilty of that crime, he
entered into a plea agreement as to punishment that the trial court did not exceed at sentencing. 
Under amended Rule 25.2(a)(2), Lemicy was entitled to appeal only "those matters that were raised
by written motion filed and ruled on before trial," or "after getting the trial court's permission to
appeal." The trial court certified that neither of these circumstances apply by stating that there is no
right of appeal. See Comb v. State, 101 S.W.3d 724, 726 (Tex. App.-Houston [1st Dist.] 2003, no
pet.). (1)

 The fact that the case involves revocation of community supervision also limits Lemicy's
right to appeal. A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken
when deferred adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d
658 (Tex. Crim. App. 1999). Accordingly, Lemicy cannot appeal from any action taken at the
original proceeding.

 Further, in the context of a deferred adjudication, a defendant may not appeal the trial court's
determination to adjudicate an original offense on violation of community supervision. This denies
a court of appeals any jurisdiction to entertain or consider an appeal from the adjudication hearing
on any grounds. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003); Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Tillman v. State, 919 S.W.2d 836, 838 (Tex.
App.-Fort Worth 1996, pet. ref'd). Any remedy for an alleged violation of due process as to the
standard of proof involved in a decision to proceed to adjudication must lie through a post-conviction writ of habeas corpus. The prohibition against a direct appeal is total. Andrade v. State,
963 S.W.2d 832, 833 (Tex. App.-Fort Worth 1998, no pet.); Kendall v. State, 929 S.W.2d 509 (Tex.
App.-Fort Worth 1996, pet. ref'd). 




 We lack jurisdiction over this appeal. The appeal is dismissed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 18, 2003

Date Decided: September 23, 2003


Do Not Publish

1. A plea agreement by its nature incorporates a voluntary and understanding plea of guilty,
and thus its process can only be triggered when the plea agreement and guilty plea are voluntarily
and understandably made; however, in Cooper, the Texas Court of Criminal Appeals determined that
an involuntary plea may be raised by a motion for new trial and habeas corpus, but not on appeal. 
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). 



 any community
service.


 
            At the hearing on the State's application to revoke Hill's community supervision, Hill pled
"true" to having violated the conditions of his community supervision, as alleged by the State. The
trial court subsequently found the evidence substantiated the State's allegations, revoked Hill's
community supervision, and imposed a four-year sentence. Hill now appeals contending the trial
court abused its discretion in revoking Hill's community supervision. We affirm.
            We review a trial court's judgment revoking community supervision for an abuse of
discretion. Herald v. State, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.) (citing Naquin
v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980)). A trial court abuses its discretion when it
"so deviates from applicable guidelines and principles that the decision falls outside the zone of
reasonable disagreement." Breakiron v. State, 79 S.W.3d 103, 106 (Tex. App.—Texarkana 2002,
no pet.) (referencing Salazar v. State, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001)). If the State
presents sufficient evidence to prove all the elements of even a single violation of community
supervision, as alleged in its motion to revoke, then the trial court has sufficient cause to revoke that
community supervision. Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim. App. [Panel Op.] 1983);
McDonald v. State, 608 S.W.2d 192 (Tex. Crim. App. [Panel Op.] 1980); Lee v. State, 952 S.W.2d
894, 900 (Tex. App.—Dallas 1997, no pet.). At the hearing on the State's application to revoke
community supervision, "the trial judge is the sole trier of the facts, the credibility of the witnesses
and the weight to be given to particular testimony." Naquin, 607 S.W.2d at 586; Lee, 952 S.W.2d
at 897. The State must, however, prove every element of the violations alleged in the application
to revoke community supervision, by a preponderance of the evidence, before the trial court may,
in its discretion, choose to revoke the individual's community supervision. Naquin, 607 S.W.2d at
586; Lee, 952 S.W.2d at 897. If the defendant has any affirmative defenses to the State's allegation
(such as the inability to pay court costs and other fees), then he or she must prove those defenses by
a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp.
2005); Davis v. State, 181 S.W.3d 426, 427 (Tex. App.—Waco 2005, no pet.). However, a
defendant's plea of "true" is, by itself, sufficient to support a trial court's judgment of revocation. 
Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Mitchell v. State, 482
S.W.2d 221, 222–23 (Tex. Crim. App. 1972); Seymour v. State, No. 06-02-00111-CR, 2003 Tex.
App. LEXIS 1062, at *7 (Tex. App.—Texarkana Feb. 5, 2003, no pet.) (mem. op.) (not designated
for publication).
            In this case, Hill's plea of "true" was also sufficient evidence to support the trial court's
finding that Hill had violated one or more conditions of community supervision. See Cole, 758
S.W.2d at 128. It matters not that the trial court heard subsequent testimony from Hill that might
support an affirmative defense (such as the inability to pay). See id. at 127–28 (plea of true was
enough, despite subsequent evidence supporting affirmative defense to revocation). Moreover, the
trial court, as finder of fact, would have been free to disbelieve any or all of that testimony. Naquin,
607 S.W.2d at 586. Indeed, in this case, it is possible that the trial court completely disbelieved all
of Hill's subsequent testimony in light of the State's cross-examination of Hill, during which several
factual inconsistencies in Hill's testimony became apparent. 
            Hill's plea of "true" by itself provides the trial court with sufficient evidence to revoke Hill's
community supervision. No abuse of discretion has been shown. 
            We affirm the trial court's judgment.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          May 30, 2006
Date Decided:             June 16, 2006

Do Not Publish