COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-245-CR

 

 

ANTHONY VEGA                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In this appeal, Appellant
Anthony Vega is attempting to appeal the trial court=s decision to proceed with adjudication of guilt for the felony
offense of aggravated assault.  In his
first point, Vega contends that the trial court abused its discretion in
revoking his community supervision because the evidence did not support the
trial court=s finding
that he violated the terms and conditions of his community supervision by
violating a protective order.  In his
second point, Vega complains that the statute that provides the trial court=s authority to adjudicate his guilt is unconstitutional because it
violates his right to due process.  In
both points, Vega is attempting to directly appeal the trial court=s decision to proceed to adjudication. 

The code of criminal
procedure governs a hearing to determine whether to proceed to an adjudication
of guilt.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005).  That
section also provides that no appeal may be taken from the determination.  See id.  Additionally, this court has held that the
prohibition is total, including challenges to the constitutionality of section
5(b) itself.  Kendall v. State, 929
S.W.2d 509, 510 (Tex. App.CFort Worth 1996, pet. ref=d); Tillman v. State, 919 S.W.2d 836, 838 (Tex. App.CFort  Worth 1996, pet.
ref'd.).  Vega=s remedy (if any) is by way of post-conviction writ of habeas
corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07 ' 3(b) (Vernon 2005); Phynes v. State, 828 S.W.2d 1, 1-2 (Tex.
Crim. App. 1992); Kendall, 929 S.W.2d at 510.  Accordingly, Vega=s points are not reviewable.  We
overrule Vega=s points and
affirm the trial court=s judgment. 

PER CURIAM

 

PANEL F:    MCCOY, GARDNER, and WALKER, JJ.

 

WALKER,
J. dissent without opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:
February 23, 2006

 











[1]See Tex. R. App. P. 47.4.