COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-356-CR

ROBERT DANIEL ROBERTS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Daniel Roberts appeals from the trial court’s adjudication of guilt and sentence of seven years’ imprisonment.  In three issues, he argues (1) that the evidence is insufficient to support the trial court’s finding of true to the allegation that he committed the new offense of attempted indecency with a child and (2) that the trial court erred by sentencing him to a term of confinement in excess of that suggested by the State at the adjudication hearing.  We affirm.

Background

On September 17, 2004, Appellant pleaded guilty to assault—bodily injury to a family member with a prior conviction.  The trial court deferred adjudication and placed Appellant on community supervision for four years. 

On May 12, 2006, the State filed a petition to proceed to adjudication, alleging three violations of the terms of community supervision.  The State alleged that Appellant (1) committed a new offense, namely,  indecency with a child, (2) consumed alcohol, and (3) failed to pay community supervision fees, court costs, and a fine.  Appellant pleaded not true to the first allegation and true to the second and third. 

At the hearing on the petition to revoke, the trial court heard evidence on the indecency-with-a-child allegation and found by a preponderance of the evidence that Appellant had committed the lesser-included offense of attempted indecency with a child.  The trial court also found the first and second allegations in the State’s petition to be true.  In punishment-phase argument, the prosecutor said,  “[The] State would ask for [a sentence of] around the area of five [years in prison].”  The trial court sentenced Appellant to seven years’ confinement. 

Discussion

1. Sufficiency of the evidence

In his first and second issues, Appellant argues that the evidence was insufficient to prove (1) that he had the necessary specific intent to commit indecency with a child and (2) that he acted with intent to gratify his sexual desire.  The State replies that we may not consider sufficiency of the evidence on direct appeal from a trial court’s decision to proceed to adjudication.  We agree with the State.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure limits the right of appeal in cases involving deferred adjudication.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an a
djudication of guilt on the original charge.  No appeal may be taken from this determination.”)
;
 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant to article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating to the trial court’s determination to proceed with an adjudication of guilt on the original charge).
  In an appeal from a judgment adjudicating guilt after revocation of community supervision, we may consider a claim only if it concerns punishment.  
Hogans v. State
, 176 S.W.3d 829, 834 (Tex. Crim. App. 2005) (“[T]he asserted error must directly and distinctly concern the second phase; the claim must, on its face, relate to the sentence imposed, not to the decision to adjudicate.  Any other rule would eviscerate the Section 5(b) bar on direct appeals of the decision to adjudicate.”).  Section 5(b)’s limitation prohibits challenges to sufficiency of the evidence.  
See Tillman v. State,
 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d) (refusing to consider sufficiency challenge).  
If an appeal raises a claim of purported error in the adjudication of guilt determination, a court of appeals should dismiss that claim without reaching the merits.  
Hogans
, 176 S.W.3d at 834.

Because Appellant’s first two issues allege error in the determination to adjudicate guilt, we overrule those issues without reaching their merits.  
See id.

2. Excessive punishment

In his third issue, Appellant argues that the trial court erred by imposing a sentence in excess of the “about five years” suggested by the prosecutor.

A judge’s discretion in sentencing after revocation is limited only by the statutory range of punishment.  
Von Schounmacher v. State
, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam).  Assault—bodily injury to a family member with a prior conviction is a third-degree felony punishable by two to ten years’ confinement and a fine not to exceed $10,000.  
Tex. Penal Code Ann. §
§ 12.34 (Vernon 2003), 22.01(b)(2) (Vernon Supp. 2006).  Thus, the trial court’s seven-year sentence was within the permissible range of punishment.

Appellant relies on 
the following dictum from the court of criminal appeals to support his argument:

[I]f the prosecutor had . . . recommended that a period of incarceration less tha[n] ten years be imposed upon conviction [it could] reasonably be said that the ten-year term ultimately assessed in this case exceeded the punishment recommendation 
given in exchange for appellant’s guilty plea
.

Watson v. State
, 924 S.W.2d 711, 715 (Tex. Crim. App. 1996), 
overruled on other grounds by
 
Hargesheimer v. State
, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006) (emphasis added).  But in this case, the prosecutor did not recommend a specific term in exchange for Appellant’s guilty plea—that is, the prosecutor made no recommendation at the time of the guilty plea itself.  Instead, the prosecutor made a recommendation of “around five years” during argument at the punishment phase of the adjudication hearing.  Thus, the 
Watson
 dictum does not support Appellant’s argument.  

Appellant concedes this weakness but suggests that 
Watson
 “does not plainly limit or restrict” application of a similar rule when the prosecutor recommends a sentence at the adjudication hearing.  But a punishment suggestion made at an adjudication is not and cannot be a part of the plea bargain between the defendant and the State because it follows long after the bargain is struck.  Indeed, the actual holding of 
Watson 
is contrary to Appellant’s position:

[W]hen a prosecutor recommends deferred adjudication in exchange for [a] plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law.  That is because a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, 
at least in the absence of some express agreement to the contrary
, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicat[ion].

Id.
 at 714 (emphasis added).  In this case, there was no express agreement to the contrary when Appellant pleaded guilty.  Nor did Appellant enter into a new bargain with the State before adjudication.

Because the punishment assessed by the trial court is within the range authorized by statute, we overrule Appellant’s third issue.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  June 14, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.