COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-356-CR

 

 

ROBERT DANIEL ROBERTS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Robert Daniel
Roberts appeals from the trial court=s adjudication of guilt and sentence of seven years= imprisonment.  In three issues,
he argues (1) that the evidence is insufficient to support the trial court=s finding of true to the allegation that he committed the new offense
of attempted indecency with a child and (2) that the trial court erred by
sentencing him to a term of confinement in excess of that suggested by the
State at the adjudication hearing.  We
affirm.

                                            Background

On September 17, 2004,
Appellant pleaded guilty to assaultCbodily injury to a family member with a prior conviction.  The trial court deferred adjudication and
placed Appellant on community supervision for four years. 

On May 12, 2006, the State
filed a petition to proceed to adjudication, alleging three violations of the
terms of community supervision.  The
State alleged that Appellant (1) committed a new offense, namely,  indecency with a child, (2) consumed alcohol,
and (3) failed to pay community supervision fees, court costs, and a fine.  Appellant pleaded not true to the first
allegation and true to the second and third. 








At the hearing on the
petition to revoke, the trial court heard evidence on the
indecency-with-a-child allegation and found by a preponderance of the evidence
that Appellant had committed the lesser-included offense of attempted indecency
with a child.  The trial court also found
the first and second allegations in the State=s petition to be true.  In
punishment-phase argument, the prosecutor said, 
A[The] State would ask for [a sentence of] around the area of five
[years in prison].@  The trial court sentenced Appellant to seven
years= confinement. 

                                             Discussion

1.     Sufficiency of the
evidence

In his first and second
issues, Appellant argues that the evidence was insufficient to prove (1) that
he had the necessary specific intent to commit indecency with a child and (2)
that he acted with intent to gratify his sexual desire.  The State replies that we may not consider
sufficiency of the evidence on direct appeal from a trial court=s decision to proceed to adjudication. 
We agree with the State.








Article 42.12, section 5(b)
of the Texas Code of Criminal Procedure limits the right of appeal in cases
involving deferred adjudication.  See
Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b) (Vernon 2006) (AThe defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  No appeal may be taken from this
determination.@); Davis
v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant
to article 42.12, section 5(b), courts of appeals do not have jurisdiction to
consider claims relating to the trial court=s determination to proceed with an adjudication of guilt on the
original charge).  In an appeal from a
judgment adjudicating guilt after revocation of community supervision, we may
consider a claim only if it concerns punishment.  Hogans v. State, 176 S.W.3d 829, 834
(Tex. Crim. App. 2005) (A[T]he
asserted error must directly and distinctly concern the second phase; the claim
must, on its face, relate to the sentence imposed, not to the decision to
adjudicate.  Any other rule would
eviscerate the Section 5(b) bar on direct appeals of the decision to
adjudicate.@).  Section 5(b)=s limitation prohibits challenges to sufficiency of the evidence.  See Tillman v. State, 919 S.W.2d 836,
838 (Tex. App.CFort Worth
1996, pet. ref=d) (refusing
to consider sufficiency challenge).  If
an appeal raises a claim of purported error in the adjudication of guilt
determination, a court of appeals should dismiss that claim without reaching
the merits.  Hogans, 176 S.W.3d at
834.

Because Appellant=s first two issues allege error in the determination to adjudicate
guilt, we overrule those issues without reaching their merits.  See id.

2.     Excessive punishment

In his third issue, Appellant
argues that the trial court erred by imposing a sentence in excess of the Aabout five years@ suggested
by the prosecutor.








A judge=s discretion in sentencing after revocation is limited only by the
statutory range of punishment.  Von
Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per
curiam).  AssaultCbodily injury to a family member with a prior conviction is a
third-degree felony punishable by two to ten years= confinement and a fine not to exceed $10,000.  Tex.
Penal Code Ann. '' 12.34 (Vernon 2003), 22.01(b)(2) (Vernon Supp. 2006).  Thus, the trial court=s seven-year sentence was within the permissible range of punishment.

Appellant relies on the
following dictum from the court of criminal appeals to support his argument:

[I]f
the prosecutor had . . . recommended that a period of incarceration less tha[n]
ten years be imposed upon conviction [it could] reasonably be said that the ten‑year
term ultimately assessed in this case exceeded the punishment recommendation given
in exchange for appellant=s guilty plea.

 

Watson v. State, 924 S.W.2d 711, 715 (Tex. Crim. App. 1996), overruled on other
grounds by Hargesheimer v. State, 182 S.W.3d 906, 912 (Tex. Crim.
App. 2006) (emphasis added).  But in this
case, the prosecutor did not recommend a specific term in exchange for Appellant=s guilty pleaCthat is, the
prosecutor made no recommendation at the time of the guilty plea itself.  Instead, the prosecutor made a recommendation
of Aaround five years@ during argument at the punishment phase of the adjudication
hearing.  Thus, the Watson dictum
does not support Appellant=s argument.  








Appellant concedes this
weakness but suggests that Watson Adoes not plainly limit or restrict@ application of a similar rule when the prosecutor recommends a
sentence at the adjudication hearing. 
But a punishment suggestion made at an adjudication is not and cannot be
a part of the plea bargain between the defendant and the State because it
follows long after the bargain is struck. 
Indeed, the actual holding of Watson is contrary to Appellant=s position:

[W]hen
a prosecutor recommends deferred adjudication in exchange for [a] plea of
guilty or nolo contendere, the trial judge does not exceed that recommendation
if, upon proceeding to an adjudication of guilt, he later assesses any
punishment within the range allowed by law. 
That is because a defendant who trades a plea of guilty or nolo
contendere for a recommendation by the prosecutor that a judgment of guilt be
delayed while he serves a period of community supervision necessarily accepts, at
least in the absence of some express agreement to the contrary, that the
prosecutor is making no recommendation at all concerning the term of years he
may be required to serve if his probation is later revoked and the trial court
proceeds to adjudicat[ion].

 

Id. at
714 (emphasis added).  In this case,
there was no express agreement to the contrary when Appellant pleaded guilty.  Nor did Appellant enter into a new bargain
with the State before adjudication.

Because the punishment
assessed by the trial court is within the range authorized by statute, we
overrule Appellant=s third
issue.

 








                                             Conclusion

Having overruled all of
Appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 14, 2007











[1]See Tex. R. App. P. 47.4.