**Reginald Shaun RICHARDSON aka Reginald Shown Richardson, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–91–198–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1993.

Richard Alley, Leon Haley, Jr. (Lead counsel on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Susan Ayres, William Koos, Sylvia Mandel, Assts., Fort Worth, for appellee.

Before FARRIS and DAY, JJ., and ASHWORTH, J. (Retired), Sitting by Assignment.

## OPINION

DAY, Justice.

Appellant seeks to appeal from an adjudication of guilt under the provisions of TEX. CODE CRIM.PROC.ANN. art. 42.12, § 3d(a).[1] We affirm.

Appellant pled guilty to the offense of possession of a prohibited weapon. The trial court deferred the proceedings without entering an adjudication of guilt and placed appellant on probation for two years. The trial court subsequently found that appellant had violated the conditions of probation by committing a new offense (illegal investment), proceeded to adjudi-

---

1. Act of June 11, 1985, 69th Leg., R.S., Ch. 427, § 1, 1985 Tex.Gen.Laws 1532, 1533, *amended by* Act of June 15, 1989, 71st Leg., R.S., Ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3500 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1993)).

**434**

cate guilt, and assessed appellant's punishment at fifteen years confinement.

In three points of error, appellant complains that (1) he has been deprived of due process since the appellate record does not contain a record made at the time of his plea of guilty; (2) article 42.12 is unconstitutional since it specifically bars an appeal from the trial court's determination to adjudicate guilt; and (3) the trial court abused its discretion in proceeding to an adjudication of guilt.

■ TEX.R.APP.P. 50(d) places the burden on the appellant to see that a sufficient record is presented on appeal to show error. The record fails to demonstrate that appellant ever requested that the proceedings be recorded. Further, appellant fails to offer any excuse whatsoever for his failure to present a record on appeal. Because appellant has not sustained his burden in requesting a statement of facts, he has shown no violation of due process. *Epps v. State*, 809 S.W.2d 770, 772 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). We overrule appellant's first point of error.

■ In his final points of error, appellant complains of the unconstitutionality of article 42.12 since it bars an appeal from a trial court's determination to adjudicate. Appellant's contentions are without merit. There is no federal or state constitutional right to appeal criminal convictions. While a defendant may appeal an order deferring adjudication, a defendant may not appeal a determination to proceed with an adjudication of guilt. *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992). Furthermore, neither the federal nor state constitution guarantees a right to appellate review of criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

Appellant's final two points of error are dismissed and the judgment of the trial court is affirmed.