**Tracy Lee KENDALL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–077–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 15, 1996.

Rehearing Overruled Oct. 3, 1996.

Robert G. Estrada, Wichita Falls, for appellant.

Barry Macha, Criminal District Attorney, John Brasher, Assistant District Attorney, Wichita Falls, Scott E. Stephenson, Assistant Criminal District Attorney, for state.

Before LIVINGSTON, BRIGHAM, HOLMAN, and DAUPHINOT, JJ.

**OPINION**

HOLMAN, Justice.

Tracy Lee Kendall appeals his adjudication for violation of deferred adjudication probation. The original trial court placed Kendall

on two years' deferred adjudication probation when he pled guilty to a charge of burglary. The State moved to revoke Kendall's probation and adjudicate his guilt after he allegedly stabbed a man to death. During the hearing to adjudicate his guilt, Kendall testified that he stabbed the man in question and violated two terms of his deferred adjudication probation. The trial court revoked Kendall's probation, adjudicated his guilt, and sentenced him to five years in the penitentiary. We dismiss the appeal for want of jurisdiction.

In his original brief Kendall argued that he was denied his right to prosecute his appeal by the denial of his request for an extension of time to file a statement of facts. In his supplemental brief, Kendall argues a second point of error, that "[T]he Statute Creating Deferred Adjudication Violates Due Process." [1] Because our holding on his second point of error is dispositive of both of his points, we will address it first.

Kendall contends that TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 1996) violates due process [2] because it "does not set a standard by which the determination to proceed to adjudicate can be made." The determination to adjudicate guilt may not be appealed. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1996). The case law indicates that the prohibition against a direct appeal of the determination to adjudicate is total. *Phynes v. State,* 828 S.W.2d 1, 1–2 (Tex.Crim.App.1992); *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim. App.1992).

Our reading of the *Phynes* case combined with Justice Overstreet's concurrence in *Olowosuko* is that Kendall's remedy (if any) is by way of a post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(b) (Vernon Supp. 1996); *Phynes,* 828 S.W.2d at 2; *Olowosuko,* 826 S.W.2d at 942 n. 2 (Overstreet, J., concurring); *see also Tillman v. State,* 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. filed). Consequently, this court lacks jurisdiction to consider a direct appeal of Kendall's due process claim or the denial of his request for an extension of time to file a statement of facts. The appeal is dismissed for want of jurisdiction.

DAUPHINOT, J., concurs.

DAUPHINOT, Justice, concurring.

The thoughtful and well-written majority opinion again brings up a dilemma facing the intermediate courts of appeal. The Court of Criminal Appeals instructs us that questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by courts of appeal, even when such issues are raised for the first time on appeal.[1] Yet, when Appellant argues in his second point of error that the deferred adjudication statute [2] violates due process, we rely on *Phynes v. State* [3], which instructs us of the prohibition against a direct appeal of the determination to adjudicate. This court has equated "the determination to adjudicate" with "the adjudication process." In his concurrence to the majority opinion in *Olowosuko v. State,* Judge Overstreet suggests that the proper remedy, if any, is by way of a post-conviction writ of habeas corpus.[4]

The Court of Criminal Appeals has never spoken as a body to address the appropriate vehicle for constitutional complaints regarding the adjudication process when a person

---

1. Kendall argued both points of error as "POINT OF ERROR NO. 1." We will identify his due process point as his second point of error.

2. Kendall does not state whether he contends that it constitutes a violation of the Texas Constitution, the United States Constitution, or both. Because the case law provides the same result under either constitution, we do not segregate our analysis.

1. *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim. App.1987).

2. TEX. CODE CRIM. PROC. ANN. art. § 42.12(5)(b) (Vernon Supp.1996).

3. 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *see also, Olowosuko v. State,* 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992).

4. 826 S.W.2d at 942 n. 2 (Overstreet, J., concurring); see also, TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(b) (Vernon Supp.1996).

has been placed on deferred adjudication community supervision. Consequently, we are unsure whether to follow the directive that mandates our considering the constitutionality of the statute when raised for the first time on appeal or whether we ease the burden of our caseload by acknowledging a requirement that all complaints, constitutional or otherwise, regarding either the determination to proceed to adjudication or the process of proceeding to adjudication be addressed exclusively by the Court of Criminal Appeals.

While others of clearer vision may understand the role of the intermediate court, I confess I struggle in a sea of confusion. Because other appellate courts at times address the merits of complaints regarding either the determination to proceed to adjudication or the process of proceeding to adjudication,[5] I suspect that I am not totally alone in my confusion. And for these reasons I concur, in the hope that the Court of Criminal Appeals will speak as a body to lift this particular veil from my understanding.

5. *See, e.g., Gilbert v. State,* 852 S.W.2d 623, 625–26 (Tex.App.—Amarillo 1993, no pet.); *De Leon v. State,* 797 S.W.2d 186, 187–88 (Tex.App.—Corpus Christi 1990, no pet.); *Eldridge v. State,* 731 S.W.2d 618, 619–20 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Dahlkoetter v. State,* 628 S.W.2d 255, 257–58 (Tex.App.—Amarillo 1982, no pet.).