Timothy Edward TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 2–96–226–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 1998.

J. Rex Barnett, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, David M. Curl, Betty Arvin, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before JOHN G. HILL, J. (Sitting by Assignment), LIVINGSTON, and BRIGHAM, JJ.

## OPINION

PER CURIAM.

Timothy Edward Trevino appeals from his conviction for the offense of burglary of a habitation following the revocation of his deferred adjudication. The court assessed his punishment at ten years' in the Texas Department of Criminal Justice, Institutional Division. He contends in two points that his adjudication and conviction should be reversed because the initial sentence placing him on deferred adjudication probation was void as the trial court lacked jurisdiction and because Texas Code of Criminal Procedure Article 42.12(5) is unconstitutional since it denies a defendant the right to a nonarbitrary decision by a neutral and impartial court in violation of the Equal Protection and Due Process protections of the United States and Texas Constitutions.

We affirm the trial court's judgment as to point number one and dismiss as to point number two because: (1) any error in originally referring Trevino's case to a magistrate on the day after he pleaded guilty before that magistrate was not preserved for review in the absence of an objection because it was not a jurisdictional issue; and (2) we do not have jurisdiction to consider Trevino's claim that the statute limiting the direct appeal of a decision to adjudicate is unconstitutional.

Trevino pleaded guilty in August 1993, before a magistrate, to the offense of burglary of a habitation and was placed on deferred adjudication. The trial court subsequently revoked Trevino's probation, proceeded to adjudication, and sentenced Trevino to ten years' in the Texas Department of Criminal Justice, Institutional Division. The record reflects an order referring the case to the magistrate dated one day after Trevino entered his plea to the magistrate and does not reflect a general order of referral. The record does not reflect that Trevino made any objection to the authority of the magistrate to hear his plea. The referral of Trevino's case to the magistrate on the day after he heard Trevino's plea is not a jurisdictional issue. *See Davis v. State*, 956 S.W.2d 555, 559–560 (Tex.Crim.App. 1997). Consequently, Trevino failed to preserve any error concerning the referral of the case to the magistrate on the day after his plea. *Id.* We overrule point number one.

Trevino urges in point number two that the statutory prohibition against appeal from a revocation of deferred adjudication contained in Article 42.12, section 5(b) of the Texas Code of Criminal Procedure is unconstitutional because it denies him the right to a nonarbitrary decision by a neutral and impartial court, in violation of the Equal Protection and Due Process protections of the United States and Texas Constitutions. Because of the prohibition in article 42.12, section 5(b) of the Texas Code of Criminal Procedure against a direct appeal of the determination to adjudicate, this court lacks jurisdiction to consider this point. *See Sanders v. State*, 944 S.W.2d 448, 450 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Kendall v. State*, 929 S.W.2d 509, 510 (Tex.App.—Fort Worth 1996, pet. ref'd).

We affirm the judgment as to point number one and dismiss Trevino's appeal as to point number two.