Miguel Garcia ANDRADE, Appellant,

v.

The STATE of Texas, State.

No. 2–97–242–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1998.

Doug Emerson, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Helena F. Faulkner, Sandy Lawrence, Assistant District Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

OPINION

PER CURIAM.

Appellant Miguel Garcia Andrade entered a negotiated plea of guilty to the offense of murder. The trial court deferred adjudication of guilt and placed appellant on community supervision for a term of ten years. After appellant failed to fulfill the conditions of his community supervision, the State moved for an adjudication of guilt. The trial court found appellant guilty and sentenced him to seven years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant filed a general notice of appeal and raises two points for our consideration. We dismiss both points for lack of jurisdiction.

In appellant's first point, he asserts that the court that placed him on deferred adjudication lacked jurisdiction to do so. Appellant's case was originally pending in the 297th District Court of Tarrant County. Under the government code, the district court judge transferred appellant's case to a magistrate's court for sentencing. TEX. GOV'T.CODE ANN. § 54.656 (Vernon 1988). The government code requires that when referring a case, the district court issue an order or referral specifying the magistrate's duties. See id. § 54.657(a). The referral order in this case was signed 14 days after sentence was imposed. Appellant contends that an "after-the-fact" order referring his case was insufficient to confer jurisdiction on the magistrate.

The court of criminal appeals has recently decided this issue adverse to appellant's position. See Davis v. State, 956 S.W.2d 555 (Tex.Crim.App.1997). A defect in signing a magistrate referral order is not jurisdictional and any procedural irregularity in the transfer of the case may not be raised for the first time on appeal. See id. at 559. Further, appellant pleaded guilty and thus, to invoke this court's jurisdiction, must specify in his notice of appeal that his claim is a jurisdictional one, that the substance of the

appeal was raised by written motion and ruled on before trial, or that he has the trial court's permission to raise it. *See* TEX. R.APP. P. 25.2(b)(3). Appellant's notice does not do so. Therefore, we dismiss point one for lack of jurisdiction.

In his second point, appellant contends that the trial court's decision to proceed to adjudication violates his due process and equal protection rights. *See* U.S. Const. amend. V, XIV. The code of criminal procedure governs a hearing to determine whether to proceed to an adjudication of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998). That section also provides that no appeal may be taken from the determination. *See id.* This court has held that the prohibition is total, including challenges to the constitutionality of section 5(b) itself. *See Kendall v. State,* 929 S.W.2d 509, 510 (Tex.App.—Fort Worth 1996, pet. ref'd); *Tillman v. State,* 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref'd.). Consequently, we are without jurisdiction to pass on the merits of appellant's second point.

Because appellant failed to invoke this court's jurisdiction on his first point, and is statutorily restricted from appealing his second point, we dismiss his appeal for lack of jurisdiction.