David Lee Combs, Jr. v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-403-CR

     DAVID LEE COMBS, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 213th District Court
Tarrant County, Texas
Trial Court # 0497157A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant David Lee Combs, Jr. pled guilty to the felony offense of theft of property valued
at $750 or more but less than $20,000. Pursuant to the State’s plea recommendation, a magistrate
deferred an adjudication of Combs' guilt on July 2, 1993, and placed him on unadjudicated
probation for three years. The district judge signed an order six days later referring the case to
the magistrate and adopting and ratifying the sentence imposed by the magistrate. Combs failed
to abide by the conditions of his probation, and the judge adjudicated his guilt and sentenced him
to two years’ confinement on November 3, 1997.
      Combs filed a general notice of appeal. The State has filed a motion to dismiss Combs’
appeal for want of jurisdiction.
      In order to properly invoke the jurisdiction of this Court, an appellant must comply with the
requirements of the rules of appellate procedure for perfecting an appeal. See Tate v. State, 921
S.W.2d 496, 497 (Tex. App—Waco 1996, no pet.) (applying former appellate rule 40(b)(1));
Andrade v. State, No. 2-97-242-CR, slip op. at 2, 1998 WL 57556, at *1 (Tex. App.—Fort Worth
Feb. 12, 1998, no pet. h.) (applying current appellate rule 25.2(b)(3)). Rule 25.2(b)(3) of the
appellate rules provides that when a defendant appeals from a sentence pronounced pursuant to a
plea bargain, the notice of appeal must:
 
(A) specify that the appeal is for a jurisdictional defect;
 
(B) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
 
(C) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3). Combs’ general notice of appeal does not comply with the
requirements of Rule 25.2(b)(3). Accordingly, we grant the State’s motion and dismiss Combs’
appeal for want of jurisdiction. See Andrade, slip op. at 2, 1998 WL 57556, at *1.
 
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 18, 1998
Do not publish



>

Tex. Pen. Code Ann. § 22.01(a), (b)(1) (Vernon Supp. 2000). A person acts “recklessly” when
he is “aware of but consciously disregards a substantial and unjustifiable risk” that could result
from his actions. Tex. Pen. Code Ann. §§ 1.07(a)(43), 6.03(c) (Vernon 1994). The Penal Code
defines “bodily injury” as “physical pain, illness, or any impairment of physical condition.” Tex.
Pen. Code Ann. § 1.07(a)(8) (Vernon 1994). A “public servant” is “a person elected, selected,
appointed, employed, or otherwise designated as . . . an officer, employee, or agent of
government.” Tex. Pen. Code Ann. § 1.07(a)(41) (Vernon 1994). Bryant does not contest that
he attempted to avoid arrest by rushing a police officer. He does, however, deny that he is
responsible for the injuries sustained by the officer during the struggle that followed.
Evidence
      Because Bryant contends that the evidence was factually insufficient to support his conviction,
a discussion of the facts pertinent to Bryant’s specific issue is necessary.
      Uniformed Waco Police Officers Ralph Nix and Mark Mitzel were dispatched to a motel in
Waco on a report of a stolen car. When Officer Nix located the vehicle, he approached the nearest
occupied room, identified himself as a police officer, and told the two occupants his reason for
being there. Both occupants, a man later identified as Bryant and a female companion, denied any
knowledge of the vehicle. The occupants identified themselves as Otelah Montgomery (or Otelah
Drake) and Otis Gowan. Officer Nix ran a records check and discovered that Montgomery had
outstanding warrants. He arrested her, handcuffing her in the presence of the man. The records
check also revealed no driver’s license or identification card issued to Otis Gowan. Officer Nix
noticed that the name Bryant was tattooed on the man’s arm, but the man denied that his name was
Bryant.
      Officer Mitzel was given permission to search the room. He discovered a set of car keys and,
with the man’s permission, began to try the keys in the locks of the car outside. Officer Nix
remained in the motel room, near the open door. Officer Nix testified that the man then rushed
at him and that Nix put up his hands in self-defense. With his hands and head, the man hit Nix
in the chest and hands. The impact knocked Nix backwards several feet. The offense report that
Nix filed immediately after the incident stated that Nix had grabbed at the man in an attempt to
detain him and that he may have torn the man’s shirt.
      The man then ran from the motel, chased by the two officers. When the man was finally
caught and arrested, he admitted to Officer Nix that his name is Larry Bryant, and that he gave
a fictitious name because he knew that he had outstanding warrants.
      At some point during the scuffle with Bryant, two of Officer Nix’s fingers were injured,
causing pain. In the offense report, Officer Nix had written, “When I grabbed Larry Bryant in
an attempt to detain him, I did injure two of the fingers on my left hand.” Nowhere in this report
did Officer Nix expressly state that he was injured when Bryant rushed him, but Nix testified that
his fingers could not have been injured from becoming entangled in Bryant’s shirt because “the
fingers were jammed back, swollen back through all of the knuckles into the back of [his] hand.” 
The fingers immediately turned red, then swelled and turned purple. Nix lost the use of those
fingers for three or four days, but did not go to a doctor for treatment. The bruising on Nix’s
fingers continued for several months. At trial, Officer Mitzel corroborated Officer Nix’s
testimony regarding the injuries to his hand. Nix also testified that he suffered pain from the blow
to the chest, but admitted that he had not included that in his offense report. Regarding Bryant’s
apparent intent, Officer Nix did not believe that Bryant was “consciously aware” that he was going
to injure Nix’s fingers. Nix did testify, however, that he believed that Bryant knew that he was
going to hit Nix to move Nix out of the way.
Applicable Law
      When conducting a review of the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). We then apply the standard of review set out by the Court of Criminal
Appeals in Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000). We ask “whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the [fact finder’s] determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.” Id. at 11;
see also Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996). In other words, evidence can be factually insufficient if (1) it is so weak
as to be clearly wrong and manifestly unjust, or (2) the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23 S.W.3d at 11. The jury is the judge of
the credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
Application of Law to Facts
      In its deliberations, the jury could have weighed some potentially conflicting factors. Officer
Nix testified that the injury occurred when Bryant rushed him, but he had written in his offense
report that he injured his fingers when he grabbed Bryant. He did not seek medical treatment, but
he was unable to use the fingers for three to four days and testified that he had suffered pain as
a result of the injury. Officer Nix had not mentioned in his offense report that he had been hit in
the chest, but he testified that he had suffered pain as a result of the blow. Officer Mitzel
confirmed only the injuries to Nix’s hand. Officer Nix admitted that he did not believe that
Bryant’s intent was to injure Nix’s hand. Nix did testify, however, that he felt that Bryant did
intend to move Nix out of his way.
      In a similar case, a police officer was kicked in the nose by the appellant as the officer
attempted to arrest him. The officer’s nose did not bleed, and he did not seek medical treatment. 
He testified in court that his nose hurt, swelled, and was sore for three or four days. The appellant
testified that he did not strike the officer, that he was merely pulling away. The Court of Criminal
Appeals found that the officer’s testimony that he had experienced pain was sufficient evidence
to support the jury’s finding that the appellant had caused bodily injury to a public servant. See
Allen v. State, 533 S.W.2d 352, 354 (Tex. Crim. App. 1976).
      Accordingly, we find that the evidence here is factually sufficient for the jury to conclude that
Bryant caused bodily injury to Officer Nix. The evidence shows that Officer Nix suffered physical
pain when Bryant recklessly struck him in an attempt to escape from possible arrest. The jury’s
verdict is supported by the officer’s testimony that he experienced pain, swelling, and soreness. 
Therefore, Bryant’s first issue is overruled.
CONSTITUTIONALITY 
      In his second issue, Bryant contends that Section 22.01 (b)(1) of the Texas Penal Code is
unconstitutionally void for vagueness:
Section 22.01(b)(1) is offensive to the Constitution of the United States and to the
Constitution of this State inasmuch as it allows unlimited discretion to a police officer to
enhance a criminal charge based upon a subjective complaint of “pain” inflicted during
the course of virtually any arrest.

Section 22.01(b)(1) provides, in relevant part, that simple assault as defined in section 22.01(a)(1):
is a felony of the third degree if the offense is committed against . . . a person the actor
knows is a public servant while the public servant is lawfully discharging an official duty,
or in retaliation or on account of an exercise of official power or performance of an
official duty as a public servant.

Tex. Pen. Code § 22.01 (b). Because they are incorporated by reference, two additional sections
of the Penal Code seem to be included in Bryant’s vagueness challenge: Section 22.01(a)(1), which
creates the offense of assault by causing “bodily injury,” and Section 1.07(a)(8), which defines
“bodily injury” as “physical pain, illness, or any impairment of physical condition.” Tex. Pen.
Code § 22.01(a)(1), § 1.07 (a)(8).
      As a general rule, a constitutional claim must be asserted in the trial court to be considered
on appeal. There are two exceptions. First, appellate courts will address questions involving the
constitutionality of the statute upon which a defendant’s conviction is based even when such issues
are raised for the first time on appeal. Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App.
1987). Second, an appellant does not waive error if he fails to raise a facial challenge at trial. 
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). A facial challenge claims that a
statute is “invalid in toto–and therefore incapable of any valid application.” Steffel v. Thompson,
415 U.S. 452, 474 (1974).
      Bryant did not raise the issue of constitutionality at the trial court level. Although his
contention is not clear, Bryant seems to raise a facial challenge to the statute under which he was
convicted. Specifically, we assume that Bryant is asserting that “bodily injury” is too vague to
be constitutionally applied because any defendant could cause a police officer some form of pain
during the course of any arrest. We will therefore address Bryant’s second issue as a facial
constitutional challenge.
Applicable Law
      In its review of a challenged statute, the court will begin with a presumption of
constitutionality. Thus, the burden to establish unconstitutionality falls upon the challenger. Ex
parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); Kaczmarek v. State, 985 S.W.2d
287, 292 (Tex. App.—Waco, 1999).
      There are two basic requirements for a constitutional vagueness challenge that does not
involve a First Amendment right.


 First, the challenger must demonstrate that he has suffered
some actual or threatened injury under the statute. In other words, the challenger must have
standing to contest the statute. Texas Workers’ Compensation Comm’n v. Garcia, 893 S.W.2d
504, 517-18 (Tex. 1995). Then, the challenger must also show that the statute is impermissibly
vague in “all of its applications.” Village of Hoffman Estates v. Flipside, Hoffman Estate, Inc.,
455 U.S. 489, 494-495 (1982). In Kaczmarek, this court set the standard for evaluating vagueness
in a criminal statute. The statute must provide an ordinary, “law-abiding” individual with
sufficient notice that his conduct is violative of criminal law. Kaczmarek, 986 S.W.2d at 292. 
The statute must also provide explicit standards to law enforcement personnel to prevent arbitrary
or discriminatory enforcement. To successfully show that the statute is unconstitutionally vague
on its face, the challenge must establish that “no set of circumstances exists under which the
statute will be valid.” Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (citing
United States v. Salerno, 481 U.S. 739 (1987)). 
Application of Law: Standing
      Bryant claims that he has been injured: “[I]t is apparent that Appellant has been caught in a
large ‘net’ set by the Texas Legislature, where ‘unfettered’ discretion is given to police and
prosecutors to decide who the little fish are and cast them back to freedom while Appellant is
serving twenty years.” The enforcement of the public servant enhancement provision with respect
to assault has indeed affected Bryant; he was convicted of a third-degree felony rather than a
misdemeanor because of the claim that a police officer experienced pain as a result of Bryant’s
actions. We therefore find that Bryant has standing to bring this challenge.
Application of Law: Vagueness
      Bryant argues that Penal Code 22.01(b)(1) is unconstitutionally vague because no standard is
provided to law enforcement officers as to the meaning of “pain.” Bryant focuses on pain,
although “bodily injury” also includes “illness” and “impairment of physical condition.” Texas
courts have already resolved the vagueness issue regarding “bodily injury.”
      In 1975, the Ramirez court held that the definition of “bodily injury” was not so vague,
uncertain and indefinite to be violative of the state or federal constitution. See Ramirez v. State,
518 S.W.2d 546 (Tex. Crim. App. 1975). In this case, the appellant struck a police officer in the
face as she attempted to arrest him. Like Bryant, the appellant claimed that “physical pain” is so
subjective that there is no way to objectively differentiate between what may be considered
discomfort by one and pain by another. However, the Court of Criminal Appeals held that:
The terms “physical pain,” “illness,” and “impairment of physical condition” are terms
of common usage, and when construed “according to the fair import of their terms,” in
the context used in Section 1.07(a)(7) [now subsection (a)(8)] . . . are not “so vague that
men of common intelligence must necessarily guess at its meaning and differ as to their
application.” [cites omitted].

Id. at 547. 
The Salley court observed that the definition of “bodily injury” is purposefully broad,
encompassing even relatively minor physical contacts “so long as they constitute more than mere
offensive touching.” Salley v. State, 25 S.W.3d 878, 881 (Tex. App.—Houston [14th Dist.] 2000,
no pet.). 
      Accordingly, we find that “bodily injury” is not impermissibly vague. Ordinary citizens as
well as law-enforcement personnel can understand the common meanings of “pain,” “illness,” and
“impairment of physical condition.” Bryant was capable of determining what behavior was
prohibited; Officer Nix was able to determine that he suffered pain as a result of Bryant’s actions. 
Bryant’s implied argument that Penal Code 22.01(b)(1) cannot ever be constitutionally applied
necessarily fails. Therefore, we overrule Bryant’s second issue. 
CONCLUSION
      Having overruled both issues, we affirm the trial court’s judgment.
 
                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 18, 2001
Publish