SEERY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-244-CR

BOBBY JOSEPH SEERY A/K/A APPELLANT

ROBERT JOSEPH SEERY

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Bobby Joseph Seery a/k/a Robert Joseph Seery brings this appeal, following the revocation of his deferred adjudication community supervision, from the trial court’s judgment adjudicating him guilty and sentencing him to ten years’ confinement.  In his sole point, Appellant complains that article 42.12, section (5)(b) of the Texas Code of Criminal Procedure is unconstitutional.  We will dismiss.

On June 20, 2002, Appellant pleaded guilty to the offense of manufacture of between 200 and 400 grams of methamphetamine and was placed on deferred adjudication community supervision for ten years.  On November 13, 2002, the State filed a petition to proceed to adjudication, alleging Appellant had failed to report as directed, failed to complete drug counseling classes as ordered, and failed to pay the required fees and court costs.  The trial court conducted a hearing on the State’s petition on June 16, 2003, and without the benefit of a plea bargain, Appellant admitted the truth of the State’s allegations regarding how he had violated the terms and conditions of his probation.
(footnote: 2) 

The trial court determined that Appellant violated the terms of his deferred adjudication community supervision and entered a finding of guilt to the charged offense.  The court then asked, “Any legal reason why sentence should not be pronounced?”  When Appellant’s counsel responded, “No, sir,” the trial court sentenced Appellant to ten years’ confinement. 

In his sole point, Appellant complains that article 42.12, section (5)(b) of the Texas Code of Criminal Procedure is unconstitutional in that it denies him the right to a nonarbitrary decision by a neutral and impartial court, in violation of the Equal Protection and Due Process protections of the United States and Texas Constitutions.  
See
 
U.S. Const
. amends. V, XIV; 
Tex. Const.
 art. I, §§ 3, 19; 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b) (Vernon Supp. 2004).  We rejected this exact argument in 
Trevino v. State
, 962 S.W.2d 176, 177 (Tex. App.—Fort Worth 1998, pet. ref’d).

Section 5(b) provides for a hearing when a defendant violates his community supervision:  “The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.”  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b).  We stated in 
Trevino
, “Because of the prohibition in article 42.12, section 5(b) of the Texas Code of Criminal Procedure against a direct appeal of the determination to adjudicate, this court lacks jurisdiction to consider this point.”  962 S.W.2d at 177; 
see
 
Andrade v. State
, 963 S.W.2d 832, 833 (Tex. App.—Fort Worth 1998, no pet.) (dismissing appellant’s claim that article 42.12, section 5(b) violates the United States Constitution’s Due Process and Equal Protection Clauses); 
Kendall v. State
, 929 S.W.2d 509, 510 (Tex. App.—Fort Worth 1996, pet. ref’d) (dismissing defendant’s claim that article 42.12, section 5(b) violated Due Process, while noting that the prohibition is “total.”); 
Tillman v. State
, 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d) (dismissing a claim that article 42.12, section 5(b) violates the Texas Constitution’s Equal Protection and Due Process Clauses); 
Richardson v. State,
 847 S.W.2d 433, 434 (Tex. App.—Fort Worth 1993, no pet.) (dismissing claim that article 42.12 was unconstitutional).

Appellant’s claim is barred by the very terms of article 42.12.  
See
 Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b); 
Phynes v. State
, 828 S.W.2d 1, 1-2 (Tex. Crim. App. 1992); 
cf. Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (Keller, J., concurring) (joining “the majority’s opinion holding that the Court of Appeals did not have jurisdiction to evaluate” the appellant’s due diligence claim because of article 42.12, section 5(b)).  Adhering to our precedent and the rationale expressed therein, we are without jurisdiction to pass on the merits of Appellant’s point.  We dismiss this appeal for lack of jurisdiction.
(footnote: 3)  
See
 
Andrade
, 963 S.W.2d at 833; 
Trevino
, 962 S.W.2d at 177; 
Kendall
, 929 S.W.2d at 510; 
Tillman
, 919 S.W.2d at 838; 
Richardson
, 847 S.W.2d at 434.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 27, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
While Appellant stated that he reported to the probation officer in August 2002, he admitted that he did not report in September and October 2002. 

3:
As Chief Justice Gray of the Waco Court of Appeals points out in his dissenting opinion in 
Gray v. State
, there is no consensus among the courts of appeals as to the proper disposition of an appeal in which the court of appeals has determined that it has no jurisdiction to address 
any
 issue raised.  134 S.W.3d 471, 473 (Tex. App.—Waco 2004, no pet.) (Gray, C.J., dissenting) (stating that, if an appellant’s points were precluded by article 42.12, § 5(b), he would dismiss the appeal for lack of jurisdiction, rather than dismissing the particular points and affirming the trial court’s judgment, as the majority did).  We recognize the seemingly conflicting guidance from the court of criminal appeals but will follow our precedent in dismissing the appeal for lack of jurisdiction.  
Compare
 
Connolly
, 983 S.W.2d at 741 (“The Court of Appeals should have dismissed appellant’s points of error dealing with due diligence without reaching their merits.”), 
and
 
Phynes
, 828 S.W.2d at 2 (holding that court of appeals should have dismissed the appeal instead of affirming the judgment), 
with
 
Olowosuko v. State
, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (affirming court of appeals’s disposition of appeal, which was to dismiss the appellant’s points and affirm the judgment); 
see also Gray
, 134 S.W.3d at 473-74 (Gray, C.J., dissenting) (listing split in the intermediate courts and reasoning that the split exists because of “the apparent inconsistency between 
Olowosuko
 and 
Phynes
”).