COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-244-CR
  
  
BOBBY JOSEPH SEERY A/K/A                                                 APPELLANT
ROBERT JOSEPH SEERY
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Bobby Joseph Seery a/k/a Robert Joseph Seery brings this appeal, following the 
revocation of his deferred adjudication community supervision, from the trial 
court’s judgment adjudicating him guilty and sentencing him to ten years’ 
confinement. In his sole point, Appellant complains that article 42.12, section 
(5)(b) of the Texas Code of Criminal Procedure is unconstitutional. We will 
dismiss.
        On 
June 20, 2002, Appellant pleaded guilty to the offense of manufacture of between 
200 and 400 grams of methamphetamine and was placed on deferred adjudication 
community supervision for ten years. On November 13, 2002, the State filed a 
petition to proceed to adjudication, alleging Appellant had failed to report as 
directed, failed to complete drug counseling classes as ordered, and failed to 
pay the required fees and court costs. The trial court conducted a hearing on 
the State’s petition on June 16, 2003, and without the benefit of a plea 
bargain, Appellant admitted the truth of the State’s allegations regarding how 
he had violated the terms and conditions of his probation.[2]
        The 
trial court determined that Appellant violated the terms of his deferred 
adjudication community supervision and entered a finding of guilt to the charged 
offense.  The court then asked, “Any legal reason why sentence should not 
be pronounced?”  When Appellant’s counsel responded, “No, sir,” the 
trial court sentenced Appellant to ten years’ confinement.
        In 
his sole point, Appellant complains that article 42.12, section (5)(b) of the 
Texas Code of Criminal Procedure is unconstitutional in that it denies him the 
right to a nonarbitrary decision by a neutral and impartial court, in violation 
of the Equal Protection and Due Process protections of the United States and 
Texas Constitutions.  See U.S. 
Const. amends. V, XIV; Tex. Const. 
art. I, §§ 3, 19; Tex. Code Crim. Proc. 
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004).  We rejected this 
exact argument in Trevino v. State, 962 S.W.2d 176, 177 (Tex. App.—Fort 
Worth 1998, pet. ref’d).
        Section 
5(b) provides for a hearing when a defendant violates his community supervision: 
“The defendant is entitled to a hearing limited to the determination by the 
court of whether it proceeds with an adjudication of guilt on the original 
charge.  No appeal may be taken from this determination.”  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b).  We stated in Trevino, “Because of the prohibition in 
article 42.12, section 5(b) of the Texas Code of Criminal Procedure against a 
direct appeal of the determination to adjudicate, this court lacks jurisdiction 
to consider this point.”  962 S.W.2d at 177; see Andrade v. 
State, 963 S.W.2d 832, 833 (Tex. App.—Fort Worth 1998, no pet.) 
(dismissing appellant’s claim that article 42.12, section 5(b) violates the 
United States Constitution’s Due Process and Equal Protection Clauses); Kendall 
v. State, 929 S.W.2d 509, 510 (Tex. App.—Fort Worth 1996, pet. ref’d) 
(dismissing defendant’s claim that article 42.12, section 5(b) violated Due 
Process, while noting that the prohibition is “total.”); Tillman v. State, 
919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d) (dismissing a 
claim that article 42.12, section 5(b) violates the Texas Constitution’s Equal 
Protection and Due Process Clauses); Richardson v. State, 847 S.W.2d 433, 
434 (Tex. App.—Fort Worth 1993, no pet.) (dismissing claim that article 42.12 
was unconstitutional).
        Appellant’s 
claim is barred by the very terms of article 42.12.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b); Phynes v. State, 828 S.W.2d 1, 1-2 (Tex. Crim. App. 1992); cf. 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (Keller, J., 
concurring) (joining “the majority’s opinion holding that the Court of 
Appeals did not have jurisdiction to evaluate” the appellant’s due diligence 
claim because of article 42.12, section 5(b)).  Adhering to our precedent 
and the rationale expressed therein, we are without jurisdiction to pass on the 
merits of Appellant’s point.  We dismiss this appeal for lack of 
jurisdiction.[3]  See Andrade, 963 
S.W.2d at 833; Trevino, 962 S.W.2d at 177; Kendall, 929 S.W.2d at 
510; Tillman, 919 S.W.2d at 838; Richardson, 847 S.W.2d at 434.
  
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL F:   GARDNER, 
WALKER, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: August 27, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
While Appellant stated that he reported to the probation officer in August 2002, 
he admitted that he did not report in September and October 2002.
3.  
As Chief Justice Gray of the Waco Court of Appeals points out in his dissenting 
opinion in Gray v. State, there is no consensus among the courts of 
appeals as to the proper disposition of an appeal in which the court of appeals 
has determined that it has no jurisdiction to address any issue 
raised.  134 S.W.3d 471, 473 (Tex. App.—Waco 2004, no pet.) (Gray, C.J., 
dissenting) (stating that, if an appellant’s points were precluded by article 
42.12, § 5(b), he would dismiss the appeal for lack of jurisdiction, rather 
than dismissing the particular points and affirming the trial court’s 
judgment, as the majority did).  We recognize the seemingly conflicting 
guidance from the court of criminal appeals but will follow our precedent in 
dismissing the appeal for lack of jurisdiction.  Compare Connolly, 
983 S.W.2d at 741 (“The Court of Appeals should have dismissed appellant’s 
points of error dealing with due diligence without reaching their merits.”), and 
Phynes, 828 S.W.2d at 2 (holding that court of appeals should have 
dismissed the appeal instead of affirming the judgment), with Olowosuko 
v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (affirming court of 
appeals’s disposition of appeal, which was to dismiss the appellant’s points 
and affirm the judgment); see also Gray, 134 S.W.3d at 473-74 (Gray, C.J., 
dissenting) (listing split in the intermediate courts and reasoning that the 
split exists because of “the apparent inconsistency between Olowosuko 
and Phynes”).