Diane Frances Lancaster a/k/a Diane Frances Harner

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-187-CR

DIANE FRANCES LANCASTER A/K/A APPELLANT

DIANE FRANCES HARNER

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Diane Frances Lancaster (a/k/a Diane Frances Harner) is attempting to appeal from the trial court’s judgment adjudicating guilt, revoking community supervision, and imposing sentence.  Specifically, Lancaster argues that article 42.12, section 5(b) of the Texas Code of Criminal Procedure is unconstitutional under the equal protection provisions of the United States and Texas Constitutions, facially and as applied to her.  She also contends that the trial court erred by holding a hearing to determine whether to proceed with an adjudication of guilt because the trial court failed to make the prerequisite finding that she had violated a condition of her community supervision.  We will overrule Lancaster’s second point, overrule her facial constitutional challenge, and dismiss her remaining point for want of jurisdiction.

On August 9, 2004, Lancaster filed an amended notice of appeal.  On August 10, 2004, Lancaster filed her appellate brief raising the issues mentioned above.  On August 17, 2004, we notified Lancaster, in accordance with rule 
44.3, that this court may not have jurisdiction over this appeal.  
Tex. R. App. P.
 42.3(a).  We also informed Lancaster that the appeal would be dismissed for want of jurisdiction unless she or any party desiring to continue the appeal filed within ten days a response showing grounds for continuing the appeal.  
See id.

On August 27, 2004, Lancaster filed a response stating that the plain language of article 42.12, section 5(b) does not support the proposition that this court lacks jurisdiction to consider the challenges raised in her brief.  Lancaster’s response stated that our jurisdiction letter had failed to cite any court of criminal appeals case supporting the proposition that this court “lacks jurisdiction to consider a constitutional challenge to article 42.12, section 5(b).” Lancaster cited 
Rabb v. State
 for the proposition that the constitutionality of a statute underlying a criminal conviction may be raised for the first time on appeal.  730 S.W.2d 751, 752 (Tex. Crim. App. 1987). Moreover, she also argues that article 42.12, section 5(b) clearly contemplates that no hearing on the issue of whether to proceed with an adjudication of guilt should be held except on a finding that a violation of a condition of community supervision has occurred.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 1989) (“On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article.”).  On December 23, 2004, the State filed its brief.

The order deferring Lancaster’s adjudication of guilt required, among other things, that she commit no offense against the laws of the State of Texas, or any other State, or of the United States; that she avoid vicious or injurious habits, abstain from the use of controlled substances, alcohol, dangerous drugs, inhalants, and narcotics or habit-forming drugs without a doctor’s prescription; and that she work faithfully at suitable employment. Following a hearing, the trial court found that Lancaster had violated the terms and conditions of her probation as follows:

Paragraph Violated and Grounds for Revocation: 2

B.   DIANE FRANCES LANCASTER AKA DIANE FRANCES HARNER, Defendant, failed to abstain from the use of controlled substances, alcohol, or dangerous drugs, and on or about August 18, 2003, did ingest a controlled substance not legally prescribed to her, a violation of condition number 2 of this Court’s Order.

C.   DIANE FRANCES LANCASTER AKA DIANE FRANCES HARNER, Defendant, failed to avoid vicious or injurious habits, to-wit:  During the period of June 14, 2003, through November 15, 2003, Defendant sought and/or obtained from several physicians, and used, a variety of prescription medications that, considering the type and quantity of medications, the frequency taken and manner acquired, constituted abuse of controlled substances, a violation of condition number 2 of this Court’s Order.

Thus, procedurally, the trial court clearly found a prerequisite violation of a condition of probation before proceeding with an adjudication of guilt.  We overrule Lancaster’s second point.  
See id.
; 
see also McGee v. State
, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d) (recognizing that denial of motion for continuance is not part of determination to adjudicate guilt and therefore is appealable notwithstanding article 42.12, section 5(b)).

Concerning Lancaster’s constitutional challenge, only facial challenges to the constitutionality of a statute may be raised for the first time on appeal, not “as applied” challenges.  
See
 
Curry v. State
, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995).  Lancaster’s facial challenge fails for two reasons.  First, the U.S. Constitution does not require the State to provide for appellate review of criminal convictions.  
Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  Second, the Texas Constitution provides that appellate review of criminal convictions may be limited by the Texas Legislature.  
See
 
id.
; 
see also Henderson v. State
, 132 S.W.3d 112, 114 (Tex. App.—Dallas 2004, no pet.).  Because the court of criminal appeals has held that the State of Texas may properly limit or deny the right of appeal in a criminal case, the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is not facially unconstitutional.

Because we lack jurisdiction to consider Lancaster’s “as applied” constitutional challenge to article 42.12, section 5(b), we dismiss that point for want of jurisdiction.  
See Trevino v. State
, 962 S.W.2d 176, 177 (Tex. App.—Fort Worth 1998, pet. ref’d) (dismissing as applied challenge for want of jurisdiction).  Accordingly, having overruled Lancaster’s second point, having overruled her facial constitutional challenge, and having dismissed her “as applied” challenge, we affirm the trial court’s judgment.  
See
 
Tex. R. App. P
. 43.2(a), (f).

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.