COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-187-CR
 
 
DIANE 
FRANCES LANCASTER A/K/A                                       APPELLANT
DIANE 
FRANCES HARNER
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Diane Frances Lancaster (a/k/a Diane Frances Harner) is attempting to appeal 
from the trial court’s judgment adjudicating guilt, revoking community 
supervision, and imposing sentence.  Specifically, Lancaster argues that 
article 42.12, section 5(b) of the Texas Code of Criminal Procedure is 
unconstitutional under the equal protection provisions of the United States and 
Texas Constitutions, facially and as applied to her.  She also contends 
that the trial court erred by holding a hearing to determine whether to proceed 
with an adjudication of guilt because the trial court failed to make the 
prerequisite finding that she had violated a condition of her community 
supervision. We will overrule Lancaster’s second point, overrule her facial 
constitutional challenge, and dismiss her remaining point for want of 
jurisdiction.
        On 
August 9, 2004, Lancaster filed an amended notice of appeal. On August 10, 2004, 
Lancaster filed her appellate brief raising the issues mentioned above. On 
August 17, 2004, we notified Lancaster, in accordance with rule 44.3, that this 
court may not have jurisdiction over this appeal. Tex. R. App. P. 42.3(a). We also 
informed Lancaster that the appeal would be dismissed for want of jurisdiction 
unless she or any party desiring to continue the appeal filed within ten days a 
response showing grounds for continuing the appeal. See id.
        On 
August 27, 2004, Lancaster filed a response stating that the plain language of 
article 42.12, section 5(b) does not support the proposition that this court 
lacks jurisdiction to consider the challenges raised in her brief. Lancaster’s 
response stated that our jurisdiction letter had failed to cite any court of 
criminal appeals case supporting the proposition that this court “lacks 
jurisdiction to consider a constitutional challenge to article 42.12, section 
5(b).” Lancaster cited Rabb v. State for the proposition that the 
constitutionality of a statute underlying a criminal conviction may be raised 
for the first time on appeal. 730 S.W.2d 751, 752 (Tex. Crim. App. 1987). 
Moreover, she also argues that article 42.12, section 5(b) clearly contemplates 
that no hearing on the issue of whether to proceed with an adjudication of guilt 
should be held except on a finding that a violation of a condition of community 
supervision has occurred. See Tex. 
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 1989) (“On violation 
of a condition of community supervision imposed under Subsection (a) of this 
section, the defendant may be arrested and detained as provided in Section 21 of 
this article.”). On December 23, 2004, the State filed its brief.
        The 
order deferring Lancaster’s adjudication of guilt required, among other 
things, that she commit no offense against the laws of the State of Texas, or 
any other State, or of the United States; that she avoid vicious or injurious 
habits, abstain from the use of controlled substances, alcohol, dangerous drugs, 
inhalants, and narcotics or habit-forming drugs without a doctor’s 
prescription; and that she work faithfully at suitable employment. Following a 
hearing, the trial court found that Lancaster had violated the terms and 
conditions of her probation as follows:
  
Paragraph Violated and Grounds for Revocation: 2
 
B. 
DIANE FRANCES LANCASTER AKA DIANE FRANCES HARNER, Defendant, failed to abstain 
from the use of controlled substances, alcohol, or dangerous drugs, and on or 
about August 18, 2003, did ingest a controlled substance not legally prescribed 
to her, a violation of condition number 2 of this Court’s Order.
 
C. 
DIANE FRANCES LANCASTER AKA DIANE FRANCES HARNER, Defendant, failed to avoid 
vicious or injurious habits, to-wit: During the period of June 14, 2003, through 
November 15, 2003, Defendant sought and/or obtained from several physicians, and 
used, a variety of prescription medications that, considering the type and 
quantity of medications, the frequency taken and manner acquired, constituted 
abuse of controlled substances, a violation of condition number 2 of this 
Court’s Order.

Thus, 
procedurally, the trial court clearly found a prerequisite violation of a 
condition of probation before proceeding with an adjudication of guilt. We 
overrule Lancaster’s second point. See id.; see also McGee v. State, 
124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d) (recognizing 
that denial of motion for continuance is not part of determination to adjudicate 
guilt and therefore is appealable notwithstanding article 42.12, section 5(b)).
        Concerning 
Lancaster’s constitutional challenge, only facial challenges to the 
constitutionality of a statute may be raised for the first time on appeal, not 
“as applied” challenges. See Curry v. State, 910 S.W.2d 490, 
496 n.2 (Tex. Crim. App. 1995). Lancaster’s facial challenge fails for two 
reasons. First, the U.S. Constitution does not require the State to provide for 
appellate review of criminal convictions. Phynes v. State, 828 S.W.2d 1, 
2 (Tex. Crim. App. 1992). Second, the Texas Constitution provides that appellate 
review of criminal convictions may be limited by the Texas Legislature. See 
id.; see also Henderson v. State, 132 S.W.3d 112, 114 (Tex. 
App.—Dallas 2004, no pet.). Because the court of criminal appeals has held 
that the State of Texas may properly limit or deny the right of appeal in a 
criminal case, the statutory denial of the right to appeal as set forth in 
article 42.12, section 5(b) is not facially unconstitutional.
        Because 
we lack jurisdiction to consider Lancaster’s “as applied” constitutional 
challenge to article 42.12, section 5(b), we dismiss that point for want of 
jurisdiction. See Trevino v. State, 962 S.W.2d 176, 177 (Tex. App.—Fort 
Worth 1998, pet. ref’d) (dismissing as applied challenge for want of 
jurisdiction). Accordingly, having overruled Lancaster’s second point, having 
overruled her facial constitutional challenge, and having dismissed her “as 
applied” challenge, we affirm the trial court’s judgment. See Tex. R. App. P. 43.2(a), (f).
 
   
                                                          PER 
CURIAM
  
 
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.