COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-371-CR

 

 

BRANDON NEIL FURTADO                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Brandon Neil
Furtado appeals, following the revocation of his deferred adjudication
community supervision, from the trial court=s judgment adjudicating him guilty and sentencing him to three years= confinement.  In his sole
point, Appellant complains that article 42.12, section 5(b) of the Texas Code
of Criminal Procedure is unconstitutional. 
We affirm.








On September 27, 2004,
Appellant pleaded guilty, pursuant to a plea-bargain agreement, to the offense
of injury to a child with intent to cause bodily injury and was placed on
deferred adjudication community supervision for four years.  On August 24, 2005, the State filed its
second petition to proceed to adjudication, alleging that Appellant violated
the terms and conditions of his deferred adjudication community
supervision.  Appellant admitted the
truth of the State=s
allegations.  The trial court revoked
Appellant=s community
supervision, adjudicated his guilt, and sentenced him to three years= confinement.  In his sole point
on appeal, Appellant contends that article 42.12, section 5(b) of the Texas
Code of Criminal Procedure violates his due process and due process of law
protections under the Texas Constitution by prohibiting his appeal of the
decision to revoke his community supervision. 
See Tex. Const.
art. I, ' 19; Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)
(Vernon Supp. 2006).  








Article 42.12, section 5(b)
provides for a hearing when a defendant violates his community
supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b).  The section also
provides that no appeal may be taken from the determination.  See id.  Additionally, this court has held that the
prohibition is total, including challenges to the constitutionality of section
5(b) itself.  See Andrade v. State,
963 S.W.2d 832, 833 (Tex. App.CFort Worth 1998, no pet.) (dismissing appellant=s claim that article 42.12, section 5(b) violates the due process and
equal protection clauses of the United States Constitution); Trevino v.
State, 962 S.W.2d 176, 176 (Tex. App.CFort Worth 1998, pet. ref=d) (dismissing appellant=s claim that article 42.12, section 5(b) violates the equal protection
and due process protections of the United States and Texas constitutions); Kendall
v. State, 929 S.W.2d 509, 510 (Tex. App.CFort Worth 1996, pet. ref=d) (dismissing appellant=s claim that article 42.12, section 5(b) violates due process and
noting that the prohibition against a direct appeal of the determination to
adjudicate is Atotal@); Tillman v. State, 919 S.W.2d 836, 838 (Tex. App.CFort Worth 1996, pet. ref=d) (dismissing claim that article 42.12, section 5(b) violates the
equal protection and due process clauses of the Texas Constitution); Richardson
v. State, 847 S.W.2d 433, 434 (Tex. App.CFort Worth 1993, no pet.) (dismissing claim that article 42.12 is
unconstitutional).  

Adhering to our precedent and
the rationale expressed therein, we conclude that Appellant=s point is not reviewable. 
Appellant=s remedy (if
any) is by way of post conviction writ of habeas corpus.  See Tex.
Code Crim. Proc. Ann. art. 11.07, ' 3(b) (Vernon 2005); Kendall, 929 S.W.2d at 510.  Having 

 








concluded that Appellant=s sole point is not reviewable, we affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

 

WALKER, J., concurs without opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 17, 2006











[1]See Tex. R. App. P. 47.4.