FURTADO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-371-CR

BRANDON NEIL FURTADO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brandon Neil Furtado appeals, following the revocation of his deferred adjudication community supervision, from the trial court’s judgment adjudicating him guilty and sentencing him to three years’ confinement.  In his sole point, Appellant complains that article 42.12, section 5(b) of the Texas Code of Criminal Procedure is unconstitutional.  We affirm.

On September 27, 2004, Appellant pleaded guilty, pursuant to a plea-bargain agreement, to the offense of injury to a child with intent to cause bodily injury and was placed on deferred adjudication community supervision for four years.  On August 24, 2005, the State filed its second petition to proceed to adjudication, alleging that Appellant violated the terms and conditions of his deferred adjudication community supervision.  Appellant admitted the truth of the State’s allegations.  The trial court revoked Appellant’s community supervision, adjudicated his guilt, and sentenced him to three years’ confinement.  In his sole point on appeal, Appellant contends that article 42.12, section 5(b) of the Texas Code of Criminal Procedure violates his due process and due process of law protections under the Texas Constitution by prohibiting his appeal of the decision to revoke his community supervision.  
See
 
Tex. Const.
 art. I, § 19; 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006).
  

Article 42.12, section 5(b) provides for a hearing when a defendant violates his community supervision.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b).  The section also provides that no appeal may be taken from the determination.  
See id. 
 Additionally, this court has held that the prohibition is total, including challenges to the constitutionality of section 5(b) itself.  
See Andrade v. State
, 963 S.W.2d 832, 833 (Tex. App.—Fort Worth 1998, no pet.) (dismissing appellant’s claim that article 42.12, section 5(b) violates the due process and equal protection clauses of the United States Constitution); 
Trevino v. State
, 962 S.W.2d 176, 176 (Tex. App.—Fort Worth 1998, pet. ref’d) (dismissing appellant’s claim that article 42.12, section 5(b) violates the equal protection and due process protections of the United States and Texas constitutions); 
Kendall v. State
, 929 S.W.2d 509, 510 (Tex. App.—Fort Worth 1996, pet. ref’d) (dismissing appellant’s claim that article 42.12, section 5(b) violates due process and noting that the prohibition against a direct appeal of the determination to adjudicate is “total”); 
Tillman v. State
, 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d) (dismissing claim that article 42.12, section 5(b) violates the equal protection and due process clauses of the Texas Constitution); 
Richardson v. State
, 847 S.W.2d 433, 434 (Tex. App.—Fort Worth 1993, no pet.) (dismissing claim that article 42.12 is unconstitutional).  

Adhering to our precedent and the rationale expressed therein, we conclude that Appellant’s point is not reviewable.  Appellant’s remedy (if any) is by way of post conviction writ of habeas corpus. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 11.07, § 3(b) (Vernon 2005); 
Kendall
, 929 S.W.2d at 510.  Having 

concluded that Appellant’s sole point is not reviewable, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 17, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.